# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2011

Lyle W. Cayce
Clerk

No. 10-20451
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVEN DALLAS CHAPMAN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-28-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Steven Dallas Chapman appeals the 188-month term of imprisonment imposed following his guilty plea conviction for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g). He argues that the district court improperly applied an armed career criminal sentencing enhancement because one of his prior Texas burglary convictions did not constitute the generic offense of burglary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20451

The parties agree that the applicable Texas indictment conjunctively charged elements of both generic and nongeneric burglary offenses under Texas Penal Code § 30.02(a)(1) and (a)(3). The fact of Chapman's guilty plea to the charges in the indictment is alone insufficient, under Texas law, to demonstrate that his prior offense constituted the generic offense of burglary. *See United States v. Morales-Martinez*, 496 F.3d 356, 358-61 (5th Cir. 2007). The district court, however, did not rely solely on Chapman's guilty plea to the charges in the indictment; instead, the court properly considered Chapman's written judicial confession. *See United States v. Garcia-Arellano*, 522 F.3d 477, 481 (5th Cir. 2008).

In his confession, Chapman stipulated that he committed each allegation in the indictment, including the elements of both the generic and nongeneric burglary offenses. This language cleared up any ambiguity regarding Chapman's guilty plea to the conjunctive charges in the indictment; was sufficient to establish Chapman's conviction for a generic burglary offense; and was thus sufficient to support the district court's application of the armed career criminal sentencing enhancements. *See id.* at 480-81.

The district court's judgment is AFFIRMED.