# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10590

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAMUEL CONDE-CASTANEDA,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before JOLLY, GARZA, and HIGGINSON, Circuit Judges.

E. GRADY JOLLY, Circuit Judge

Samuel Conde-Castaneda appeals his sentence, which was enhanced based on his previous conviction in Texas state court for burglary under Texas Penal Code § 30.02(a)(1) and (a)(3). The question presented is whether this predicate offense constitutes a "burglary of a dwelling" under the Sentencing Guidelines and is therefore a crime of violence. We hold that it does, and it is. We also hold that Conde's written Texas "boiler plate" judicial confession, in which he confessed to "each and every act alleged" in the indictment, is sufficient to establish that his prior conviction rested on every offense the indictment charged.

I.

Conde is a Mexican citizen who had been deported in 2007 and 2011. He was arrested again and convicted in 2012 for illegal reentry. At the sentencing

No. 13-10590

for this offense, 16 levels were added to Conde's offense level because he had previously committed a felony "crime of violence." *See* U.S. SENTENCING GUIDELINES MANUAL ("USSG") § 2L1.2(b)(1)(A)(ii) (2013).  This enhancement was based on Conde's 2009 Texas conviction for burglary.  According to the PSR before the district judge, the judgment for this predicate offense was attached thereto.  Conde did not object to the enhancement.

With the 16-level crime of violence enhancement, Conde's final offense level rose to 21.  The judge imposed a 57-month prison term, which was at the top of the Guidelines range, plus two years of supervised release.

Conde now appeals his sentence.  He argues that the burglary conviction supporting his crime of violence enhancement did not qualify as a "crime of violence" under the Sentencing Guidelines.

## II.

Conde challenges his enhancement for the first time on appeal.  We consequently review the enhancement for plain error.  "[R]eversal is not required unless there is (1) an error; (2) that is clear or obvious; and (3) that affects the defendant's substantial rights."  *United States v. Bishop*, 603 F.3d 279, 280 (5th Cir. 2010).  Even if all these conditions are fulfilled, the appellate court will only reverse if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted).

Conde was convicted under parts (1) and (3) of the following Texas statute:

> A person commits an offense if, without the effective consent of the owner, the person:
> (1)  enters a habitation . . . not then open to the public, with intent to commit a felony. . . or
> (2)  remains concealed, with intent to commit a felony . . . in a . . . habitation; or

2

(3)  enters a . . . habitation and commits or attempts to commit a felony . . . .

Tex. Penal Code § 30.02(a).

The first question raised is whether the court can consult outside documents to determine whether Conde's prior burglary conviction constitutes a "crime of violence" under the Sentencing Guidelines.  USSG § 2L1.2(b)(1).[1] We hold that we can.

Under the Sentencing Guidelines, "crime of violence" convictions include state convictions for "burglary of a dwelling."  USSG § 2L1.2 cmt. n.1(B)(iii). There are two ways we can determine whether Conde's predicate offense qualifies as a "burglary of a dwelling," and consequently a "crime of violence."[2]

One is to look only to the elements of Conde's predicate offense.  If § 30.02(a)'s elements are the same as or narrower than those of the generic offense of burglary of a dwelling, Conde's predicate offense qualifies as a "crime of violence."  *See Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).[3]  The Supreme Court has called this test the categorical approach, as the test looks to the category of conduct the statute criminalizes rather than the facts underlying the defendant's predicate offense.

---

[1] USSG § 2L1.2(b) requires a 16-level enhancement if (a) the defendant was deported, or unlawfully remained in the United States, (b) after "a conviction of a felony that is . . . a crime of violence;" (c) "if the conviction receives criminal history points under Chapter Four." On appeal, the parties dispute only the "crime of violence" prong.

[2] The USSG also defines "crime of violence" as "any other offense . . . that has as an element the use, attempted use, or threatened use of physical force against the person of another."  USSG § 2L1.2 cmt. n.1(B)(iii).  Tex. Penal Code § 30.02(a), however, does not necessarily require physical force and consequently does not fall within the "crime of violence" residual clause.  *See United States v. Turner*, 305 F.3d 349, 351 (5th Cir. 2002).

[3] Although *Descamps* involved the Armed Career Criminal Act ("ACCA"), the Fifth Circuit has drawn heavily on ACCA cases in its Sentencing Guidelines jurisprudence.  *See, e.g., United States v. Rodriguez*, 711 F.3d 541, 553 (5th Cir. 2013) (en banc).

The second way to determine whether Conde's prior conviction qualifies as a "burglary of a dwelling" under the Sentencing Guidelines is to look beyond the elements of the statute to a limited set of documents. Under this test, called the modified categorical approach, the court can look at so-called *Shepard* documents, which include the charging document, written judicial confession, and judgment. *United States v. Garcia-Arellano*, 522 F.3d 477, 480–81 (5th Cir. 2008). The categorical approach is the default test. *Cf. Descamps*, 133 S. Ct. at 2281. The modified categorical approach, however, applies when the defendant's predicate offense was violating a statute containing divisible crimes. That is, the defendant's predicate offense involves a statute that

> sets out one or more elements of the offense in the alternative — for example, stating that burglary involves entry into a building *or* an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction.

*Descamps*, 133 S. Ct. at 2281.

We hold that the modified categorical approach applies here, meaning that we will consult *Shepard* documents to determine which of the three alternatives of Texas Penal Code § 30.02(a) forms the basis of Conde's conviction. This test applies because § 30.02(a) is a divisible statute – "one alternative . . . matches an element in the generic offense [of burglary of a dwelling], but the other . . . does not." *Descamps*, 133 S. Ct. at 2281. The generic offense of burglary of a dwelling requires entering a habitation with the intent to commit a crime. *See United States v. Constante*, 544 F.3d 584, 587 (5th Cir. 2008). Because § 30.02(a)(1) expressly requires this intent, we

4

have held that a prior conviction for violating that section is a "burglary of a dwelling" under the Sentencing Guidelines. *United States v. Garcia-Mendez*, 420 F.3d 454, 456–57 (5th Cir. 2005). By contrast, § 30.02(a)(3) lacks such an intent requirement and consequently does not qualify as a "burglary of a dwelling." *Constante*, 544 F.3d at 587.

Three unpublished Fifth Circuit opinions agreed that the modified categorical test applies to § 30.02(a) predicates. *See United States v. Cervantes-Aguilar*, 463 F. App'x 256, 258 (5th Cir. 2012); *United States v. Valdes*, 403 F. App'x 885, 892–94 (5th Cir. 2010); *United States v. Chapman*, 431 F. App'x 337, 338 (5th Cir. 2011).

Conde would have us apply the categorical approach rather than the modified categorical approach. He relies on *Chambers v. United States*, 555 U.S. 122 (2009). In that case, Chambers had a prior conviction for violating a statue that criminalized, in a single subsection, both escape and failure to report. At issue was whether this conviction constituted a violent felony and thus triggered a mandatory minimum 15-year sentence. *Id.* at 124. *Chambers* held that, although escape and failure to report were grouped together in the same statutory subsection, the two should be considered separate offenses for the purposes of the categorical approach test. *Id.* at 126-27.

*Chambers* also stated that some failure to report offenses should be grouped together when conducting the categorical approach test. *Id.* at 127. The *Chambers* predicate offense involved "fail[ing] to report to a penal institution or to report for periodic imprisonment at any time or knowingly fail[ing] to return from furlough or from work." *Id.* at 130. The Court grouped these failure to report offenses together. *Id.* at 127.

To Conde, *Chambers* stands for a rule that if two subsections of a statute amount to "variations on a single theme," the court should apply the

5

categorical approach, even if one subsection qualifies for an enhancement and another does not. *Cf. id.* Conde maintains that § 30.02(a)(1) and § 30.02(a)(3) should be grouped together and analyzed under the categorical approach. Essentially, Conde asserts that *Chambers* substantially limits the modified categorical approach in favor of the categorical approach.

We reject Conde's argument as having no basis in authority. *Chambers* concerns itself wholly with how to apply the categorical approach. *See id.* at 124–27. The opinion is not about choosing whether the categorical or modified categorical approach applies, which is how Conde reads it. Indeed, *Chambers* makes no mention of the modified categorical approach at all. That Conde cites no cases supporting his reading of *Chambers* further indicates that his reading is unfounded.

Moreover, *Descamps*, decided after *Chambers*, discusses the modified categorical approach in-depth and does not in any way support the rule Conde proposes. To the contrary, *Descamps* reiterated that the modified categorical approach should apply when one alternative of a statute "matche[d] an element in the generic offense, but the other . . . [did] not." *Descamps*, 133 S. Ct. at 2281. As we stated earlier, this is exactly the case with § 30.02(a)(1) and § 30.02(a)(3).

Consequently, we follow the clear rules set out in *Descamps* and hold that the modified categorical approach applies here.

### III.

We now apply the modified categorical approach to this appeal.

Conde first argues that the district court relied solely on the PSR to determine the conduct of the defendant's prior conviction. Sole reliance on the PSR is error, *United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005), because the PSR is not within the limited class of *Shepard* documents the court

may consult, as it is not a "conclusive record[] made or used in adjudicating guilt" in the defendant's prior conviction. *Id.*

We reject as factually incorrect Conde's argument that the district court relied solely on the PSR. As Conde's reply brief concedes, the district court relied on the judgment from Conde's prior conviction at sentencing.

Conde next argues that the record does not show that his predicate offense constituted a "crime of violence."

In reviewing an enhancement, this court examines the record as supplemented on appeal. The question is whether there is error at the time of appellate consideration rather than at the time of trial. *Garcia-Arellano*, 522 F.3d at 480. The supplemented record contains Conde's indictment, judgment, and written judicial confession. The indictment and judgment are unhelpful in determining which portion of § 30.02(a) formed the basis of Conde's predicate offense. Conde's indictment establishes that Conde was charged with violating § 30.02(a)(1) and § 30.02(a)(3), but obviously cannot by itself establish the ultimate basis for his conviction. Moreover, Conde's judgment establishes that Conde violated § 30.02(a) but does not establish which subsection. The judgment listed the statute violated as § 30.02(c)(2), which indicates only that Conde violated § 30.02(a), and did so by entering a habitation.

Consequently, the written judicial confession is the key document in determining what part of § 30.02(a) Conde violated. Conde's judicial confession, contained in his plea admonishment, states "I have read the Indictment . . . and I committed each and every act alleged therein . . . ." The confession is a pre-printed template under which Conde signed his name. At issue is whether this template confession sufficiently establishes that Conde was convicted of § 30.02(a)(1). We hold that it does.

In *Garcia-Arellano*, a template confession sufficed to establish which offenses a conviction indicated. *Garcia-Arellano* involved a predicate to "deliver" narcotics that included both conduct sufficient (transferring cocaine) and insufficient (offering to sell cocaine) for an enhancement. Garcia's template confession stated that he did "knowingly . . . actually transfer, constructively transfer and offer to sell" cocaine, and that he "committed the offense with which [he stood] charged exactly as alleged in the indictment." 522 F.3d at 481. *Garcia-Arellano* relied on the confession in holding that the enhancement applied. Several unpublished opinions have applied *Garcia-Arellano* to indictments involving § 30.02(a)(1) and § 30.02(a)(3), finding that template confessions supported enhancements. *Valdes*, 403 F. App'x at 892–94; *Chapman*, 431 F. App'x at 338; *Cervantes-Aguilar*, 463 F. App'x at 258.

Conde, however, counters with *United States v. Espinoza*, 733 F.3d 568 (5th Cir. 2013). The predicate offense at issue in *Espinoza* was an assault fulfilled by intentionally, knowingly or recklessly causing bodily injury to another. Intentional and knowing assaults probably qualified as a crime of violence, but it was previously unclear if reckless assaults did as well. Espinoza stated in his confession that he "admit[ted] all of the allegations in the indictment," which in turn had accused him of "intentionally, knowingly, and recklessly" assaulting his wife. *Id.* at 571–72. The court held that the "adoption of the judicial confession [was] simply a blanket statement admitting that [Espinoza] committed the assault with every listed category of mental culpability" and did not conclusively prove mens rea. *Id.* at 572. Consequently, the court applied a "least culpable means" analysis, assuming that Espinoza's offense was committed recklessly.

Conde argues that *Espinoza* applies here, not *Garcia-Arellano*. In Conde's view, *Espinoza* promulgates a rule that pleading guilty in a template

confession does not establish which of the alternate versions of a crime you have pleaded guilty to, for the purpose of the Sentencing Guidelines.

We reject Conde's argument. *Espinoza* cannot overturn the earlier decided case of *Garcia-Arellano*. To the extent that the holding of *Espinoza* is inconsistent with *Garcia-Arellano*, *Garcia-Arellano* controls. *See Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) ("[P]anel decisions may be overruled only by a subsequent decision of the Supreme Court or by the Fifth Circuit sitting *en banc*."). *Espinoza* cited no authority when it stated that the judicial confession failed to support the enhancement. *See* 733 F.3d at 572. *Espinoza*'s scant reasoning indicates either that the case is a true outlier in our caselaw, that its pronouncement was dicta, or both.

Applying *Garcia-Arellano*, Conde's judicial confession adequately established that he was convicted of violating all the offenses listed in the indictment, including § 30.02(a)(1). We have previously found that § 30.02(a)(1) constitutes "burglary of a dwelling" under the Sentencing Guidelines. *Garcia-Mendez*, 420 F.3d at 456–57. Consequently, Conde's judicial confession establishes that his crime of violence sentencing enhancement was correctly imposed.

IV.

For the foregoing reasons, the district court's judgment is

AFFIRMED.