# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40338
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL MORIN-GUTIERREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1560-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Daniel Morin-Gutierrez appeals the sentence imposed following his guilty plea conviction of being an alien found in the United States without permission, after deportation. He argues that the district court erred by enhancing his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a finding that his deportation occurred following his Texas conviction of burglary of a habitation, an enumerated crime of violence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40338

As Morin-Gutierrez did not challenge his sentence on this ground in the district court, we will review his challenge to the decision for plain error only. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain-error review, Morin-Gutierrez must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *Id.* If he establishes those factors, the decision to correct the forfeited error is within our sound discretion, which we will not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We apply a modified categorical approach to determine whether a defendant's prior conviction constituted a crime of violence for purposes of § 2L1.2. *United States v. Conde-Castaneda*, 753 F.3d 172, 177 (5th Cir.), *cert. denied*, 135 S. Ct. 311 (2014). In the instant case, the documentation submitted to the sentencing court established that Morin-Gutierrez was convicted under Texas Penal Code Ann. § 30.02(a)(1) for entering a habitation without the effective consent of the owner with the intent to commit a theft. A conviction under § 30.02(a)(1) qualifies as a generic burglary offense because § 30.02(a)(1) includes the element of specific intent to commit a crime. *United States v. Constante*, 544 F.3d 584, 585-86 (5th Cir. 2008). Accordingly, the district court correctly imposed the § 2L1.2 enhancement. *See Conde-Castaneda*, 753 F.3d at 178-79. Although Morin-Gutierrez argues that we must also determine whether the theft offense he intended to commit at the time he entered the habitation meets the generic definition of a theft offense, he does not cite to any precedent specifically requiring such an analysis. He has not shown clear or obvious error in that regard. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.