# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———

No. 14-20672
Summary Calendar

———

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2015

Lyle W. Cayce
Clerk

Plaintiff-Appellee

v.

DIEGO RAMIREZ-TORRES, also known as Diego Ramirez, also known as Diego Ramirez Torres,

Defendant-Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-700-1

———

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Diego Ramirez-Torres appeals his conviction and sentence under 8 U.S.C. § 1326(b)(2) for illegal reentry following an aggravated felony conviction; the district court sentenced him at the bottom of the guidelines range to 70 months of imprisonment and then reduced the sentence to 69 months in light of the month that Ramirez-Torres had already spent in custody. Ramirez-Torres's challenge to the constitutionality of § 1326(b)(2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20672

pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is "fully foreclosed from further debate." *United States v. Pineda-Arrellano*, 492 F.3d 624, 625 (5th Cir. 2007).

Because Ramirez-Torres did not raise in the district court his current challenges to his U.S.S.G. § 2L1.2(b)(1)(A)(ii) enhancement, we review for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). The record contains both the indictment and the judgment pertaining to Ramirez-Torres's Texas conviction for burglary of a dwelling with intent to commit assault, and we therefore reject as factually incorrect his argument that the district court based the enhancement entirely upon information contained in his presentence report. *See United States v. Conde-Castaneda*, 753 F.3d 172, 177 (5th Cir.), *cert. denied*, 135 S. Ct. 311 (2014). The indictment and judgment establish that Ramirez-Torres was convicted under Texas Penal Code § 30.02(a)(1); accordingly, the district court did not commit error, plain or otherwise, by imposing the § 2L1.2(b)(1)(A)(ii) enhancement. *See Conde-Castaneda*, 753 F.3d at 178-79.

As Ramirez-Torres does not assert, much less show, that the district court's denial of a downward departure resulted from its mistaken belief that it lacked authority to depart, we lack jurisdiction to review that denial. *See United States v. Tuma*, 738 F.3d 681, 691 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 2875 (2014). The district court declined to grant Ramirez-Torres's request for a downward variance after listening to his arguments regarding the severity of the applicable guidelines range as well as his cultural assimilation, familial ties, and employment history in the United States. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-*

2

No. 14-20672

*Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Our review reveals no abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.