# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-11012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DARNELL CHRISTOPHER BRYANT,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-235-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Darnell Bryant appeals his sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). For the first time on appeal, he claims that his Texas conviction of burglary of a habitation was not a crime of violence ("COV") for purposes of U.S.S.G. § 2K2.1(a)(4)(A). He urges that this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-11012

is so because the Texas statute is not divisible and includes conduct that does not constitute the generic offense of burglary.

Because Bryant did not raise this issue in the district court, review is limited to plain error, *see United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012), so he must show clear or obvious error that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The government has moved for summary affirmance on the ground that Bryant's argument is foreclosed by *United States v. Conde-Castaneda*, 753 F.3d 172, 176–77 (5th Cir.), *cert. denied*, 135 S. Ct. 311 (2014), holding that the Texas burglary-of-a-habitation statute is divisible, that the modified categorical approach applies, and that courts can consult *Shepard*-approved documents, *see Shepard v. United States*, 544 U.S. 13, 16 (2005), to determine which of the three alternatives of Section 30.02(a) of the Texas Penal Code forms the basis of the conviction. In *Conde-Castaneda* we further held that, where, as here, a defendant was indicted under both Section 30.02(a)(1) and (3), and the written judicial confession showed that he was convicted of violating "each and every act" in the indictment, he therefore was convicted under both subsections, meaning that the burglary conviction qualified as a COV. *Id.* at 178–79; *See United States v. Garcia*, 420 F.3d 454, 456–57 (5th Cir. 2005).

Bryant concedes that his argument is foreclosed. The motion for summary affirmance is GRANTED. The government's alternative motion for an extension of time to file its brief is DENIED as unnecessary. The judgment of sentence is AFFIRMED.