# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10869
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE OLALDE-GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:15-CR-8-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jorge Olalde-Gonzalez pleaded guilty pursuant to a plea agreement to one count of illegally reentering the country after he was deported and received a 57-month term of imprisonment to be followed by a three-year term of supervised release. He primarily challenges the supervised release term, arguing that the district court's explanation of the sentence was insufficient because the court did not explicitly refer to the particular facts of Olalde-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez's case and contending that the sentence is substantively unreasonable because the court did not take into account various factors that, in Olalde-Gonzalez's view, demonstrate that supervised release is unnecessary in his case.  At sentencing, Olalde-Gonzalez did not take issue with the district court's explanation of the term of supervised release, argue that his particular circumstances warranted a determination that supervised release was inappropriate, or object after sentence was imposed; thus, our review is for plain error.  *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 328-30 (5th Cir. 2012).

A sentencing court "ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment."  U.S.S.G. § 5D1.1(c).  However, a court should consider imposing a supervised release term if the court determines that it "would provide an added measure of deterrence and protection" under the facts and circumstances.  § 5D1.1, comment. (n.5); *see also Dominguez-Alvarado*, 695 F.3d at 329 (holding that, despite § 5D1.1(c), district courts may impose supervised release based on the need for deterrence and protection).

Here, the district court determined that a term of supervised release was necessary to deter Olalde-Gonzalez from reentering, noting that it served as an "additional potential sanction against [him] should he subsequently be deported and then try to unlawfully come back into the country."  This was a sufficiently particularized explanation to justify the within-guidelines term of supervised release that the district court imposed.  *See United States v. Becerril-Pena*, 714 F.3d 347, 349 (5th Cir. 2013) (explaining that the requirement to explain a within-guideline terms of supervised release imposed on a deportable alien is "not onerous").  Thus, the court committed no

No. 15-10869

procedural error, plain or otherwise. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

As for substantive reasonableness, Olalde-Gonzalez points to a list of factors, including his deportation and reentry history, his family situation, the length of his prison sentence, and his criminal history, that, he contends, demonstrate that a supervised release term was unnecessary to deter him from reentering the county. However, the district court determined that a within-guidelines term of supervised release was warranted as an added measure of deterrence, which it had authority to do. *See Becerril-Pena*, 714 F.3d at 349; § 5D1.1, comment. (n.5). We infer that a district court "considered all the factors for a fair sentence set forth in the Guidelines" when it imposes a within-guidelines sentence, and Olalde-Gonzales offers no reason to disturb that inference here. *Becerril-Pena*, 714 F.3d at 350 (internal quotation marks and citation omitted). Essentially, Olalde-Gonzalez is asking us to second guess the district court's determination that supervised release was appropriate in his case, which we are disinclined to do. *Id.* Indeed, the district court is in the best position to find facts and judge their import. *United States v. Scott*, 654 F.3d 552, 555 (5th Cir. 2011). Olalde-Gonzalez has failed to rebut the presumption that his within-guidelines sentence is reasonable. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Finally, Olalde-Gonzalez argues that the district court plainly erred in enhancing his offense level based on his prior Texas burglary conviction. He argues that the Texas statute is not divisible and criminalizes conduct that falls outside of the generic, contemporary meaning of burglary. Recognizing, however, that this argument is foreclosed by *United States v. Conde-*

No. 15-10869

*Castaneda*, 753 F.3d 172, 176-77 (5th Cir.), *cert. denied*, 135 S. Ct. 311 (2014), Olalde-Gonzalez explains that he raises it only to preserve it for further review.

　　The district court's judgment is AFFIRMED.