# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40666

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFAEL MONDRAGON,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
March 1, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-1405-1

Before WIENER, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Defendant Rafael Mondragon, convicted of violating 8 U.S.C. § 1326(a) and (b)(2) following a guilty plea, challenges his 58-month prison sentence. We AFFIRM.

Under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii), a defendant who is convicted of illegal reentry receives a sixteen-level enhancement to his base offense level if he was previously deported after being

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convicted of a felony that is a crime of violence. Relevant to this case, the commentary to this section provides that "crime of violence" includes burglary of a dwelling. U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Mondragon's presentence report ("PSR") assessed a sixteen-level enhancement to his offense level under U.S.S.G. § 2L1.2(b)(1) because of his prior burglary conviction under Texas Penal Code § 30.02(a).[1] The resulting Guidelines range was fifty-seven to seventy-one months. The district court overruled Mondragon's objection to the enhancement and sentenced Mondragon to fifty-eight months of imprisonment and two years of supervised release.

On appeal, Mondragon maintains that the sentencing enhancement was assessed in error because (1) Texas burglary is broader than generic burglary and (2) the court cannot use the modified categorical approach because the statute is not divisible. These arguments fail. We have previously held that Texas Penal Code § 30.02(a) is divisible and recently reaffirmed this holding in the wake of *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See United States v. Uribe*, 838 F.3d 667, 669–71 (5th Cir.) (citing, inter alia, *United States v. Conde-Castaneda*, 753 F.3d 172, 175–79 (5th Cir. 2014)), *reh'g denied* (5th Cir. 2016). Accordingly, Mondragon, who was convicted under Texas Penal Code § 30.02(a)(1), qualified for the sentencing enhancement. *See Conde-Castaneda*, 753 F.3d at 175–79.

Additionally, even if there was an error, it was harmless. *See* FED. R. CRIM. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). At the sentencing hearing, counsel for the defendant stated that, without the enhancement, the Guidelines range would have been fifteen to twenty-one months. The government stated that, should that lower range apply, it would have sought an above-Guidelines range

---

[1] The PSR used the 2015 version of the Guidelines.

No. 16-40666

based in part on the under-representation of Mondragon's criminal history.  In pronouncing the fifty-eight month sentencing, the district judge stated that she was aware of both ranges and "d[idn]'t know if [she] can make [her]self any clearer that [her] sentence would be the same having considered everything before [her] and both applicable ranges."  Accordingly, any error was harmless. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012) ("We have held that a guidelines calculation error is harmless where the district court has considered the correct guidelines range and has stated that it would impose the same sentence even if that range applied.").

AFFIRMED.  The motion for summary affirmance is denied as moot.