# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-11103
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAQUENTEZ MYERS,

Defendant-Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:15-CR-115-1

———————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jaquentez Myers appeals the sentence imposed after he pleaded guilty to being a felon in possession of a firearm. He contends that the district court committed plain error by increasing his sentence based on two prior Texas convictions for burglary of a habitation that were deemed "crimes of violence" under the applicable 2014 edition of the United States Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11103

Myers contends that Texas definition of burglary of a habitation is broader than the generic definition of burglary of a dwelling, and that the court could not use the modified categorical approach because the statute is not divisible. The Texas statute is divisible. *See United States v. Uribe*, 838 F.3d 667, 670-71 (5th Cir. 2016) (addressing the effect of *Mathis v. United States*, 136 S. Ct. 2243 (2016)), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969). The relevant court documents, properly consulted under the modified categorical approach, show that Myers was convicted of violating Texas Penal Code § 30.02(a)(1), which matches sufficiently the generic definition of burglary of a dwelling. *See United States v. Conde-Castaneda*, 753 F.3d 172, 175-79 (5th Cir. 2014). Accordingly, the judgment is AFFIRMED.