# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20081
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 1, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS LEONARDO MONTALVO DAVILA, also known as Jesus Montalvo, also known as Jesus L. Montalvo,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-479-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Jesus Leonardo Montalvo Davila pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a), (b)(2). He contends the district court erred in applying the 16-level crime-of-violence enhancement under Sentencing Guideline § 2L1.2(b)(1)(A)(ii) (2015 ed.), based on his 2012 Texas conviction for burglary of a habitation, in violation of Texas Penal Code § 30.02(a).

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-20081

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In *United States v. Conde-Castaneda*, 753 F.3d 172, 175–77 (5th Cir. 2014), our court concluded: § 30.02(a) was divisible because of the differing elements required for § 30.02(a)(1) and (a)(3); and, a conviction under § 30.02(a)(1), but not under § 30.02(a)(3), qualified as generic burglary. Montalvo claims, however, that *Conde-Castaneda* has been effectively overruled by the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243, 2253 (2016), which held the modified categorical approach cannot apply if the statute lists alternative means, rather than elements.

But, in *United States v. Uribe*, our court held § 30.02(a) remained divisible post-*Mathis*. 838 F.3d 667, 671 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (20 Mar. 2017). Therefore, the modified categorical approach applies, and certain state-court documents may be considered to determine the crime-of-violence enhancement's applicability *vel non*. *Id.*; *see* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015 ed.).

Montalvo maintains state-court documents do not explicitly state whether he was convicted under § 30.02(a)(1) or (a)(3), the latter of which does not qualify as generic burglary. *See Conde-Castaneda*, 753 F.3d at 176.

2

No. 16-20081

Nonetheless, Montalvo pleaded guilty to the state-court indictment, the language of which tracked that of § 30.02(a)(1). A conviction under § 30.02(a)(1) "aligns with the generic offense of burglary, and constitutes a 'burglary of a dwelling' under the Sentencing Guidelines". *Uribe,* 838 F.3d at 671. Accordingly, the court did not err in applying the crime-of-violence enhancement. *See id.*

AFFIRMED.