# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41600
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROSBEL FLORES-VERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-422-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Rosbel Flores-Vera appeals the 84-month sentence imposed by the district court after his guilty plea conviction for being found in the United States illegally following a prior conviction for an aggravated felony. Relying upon *Mathis v. United States*, 136 S. Ct. 2243 (2016), he argues that the district court erred by imposing a U.S.S.G. § 2L1.2(b)(1)(A)(ii) enhancement based upon his prior conviction under Texas Penal Code § 30.02(a)(1).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41600

We review the district court's application of the Sentencing Guidelines de novo.  *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  We have previously held that § 30.02(a) is divisible under the modified categorical approach and that a § 30.02(a)(1) conviction supports a § 2L1.2(b)(1)(A)(ii) enhancement.  *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014).  Contrary to Flores-Vera's argument, *Conde-Castaneda* remains good law in the wake of *Mathis.  See United States v. Uribe*, 838 F.3d 667, 669-71 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969).

AFFIRMED.