# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40529
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN MANUEL RAMIREZ-VILLALZANA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-847-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Ramirez-Villalzana appeals his 46-month, within-guidelines sentence for illegal reentry, 8 U.S.C. § 1326, asserting that the district court erroneously applied a 16-level "crime of violence" enhancement, under former U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his prior Texas convictions for burglary of a habitation. The enhancement was improper, Ramirez-Villalzana contends, because the Texas burglary statute, Texas Penal Code

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40529

§ 30.02(a), does not categorically define a "generic" burglary of a dwelling and is not divisible in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). We review the district court's interpretation of the Sentencing Guidelines de novo. *See United States v. Calderon-Pena*, 383 F.3d 254, 256 (5th Cir. 2004).

In *Mathis*, the Supreme Court explained that the modified categorical approach may be used to distinguish only between alternative elements of a statutory offense, not alternative means of satisfying a single element. 136 S. Ct. at 2249-50. Whether the district court erred thus turns on whether, in light of *Mathis*, § 30.02(a)'s three subsections constitute elements or means. While the instant appeal was pending, we concluded that § 30.02(a) is a divisible, elements-based statute. *See United States v. Uribe*, 838 F.3d 667, 669-71 (5th Cir. 2016). Consequently, "the modified categorical approach applies to determine which of the provisions of § 30.02(a) was the basis of [Ramirez-Villalzana's] conviction[s]." *Id.* at 671.

Our review of the permissible record documents reveals that Ramirez-Villalzana's prior convictions were based on § 30.02(a)(1) and were therefore "generic" burglaries. *See United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014); *see United States v. Constante*, 544 F.3d 584, 585 (5th Cir. 2008). Accordingly, the district court properly applied the 16-level "crime of violence" enhancement.

AFFIRMED.