# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40328
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE TURRUBIARTES-GONZALEZ, also known as Rolando De La Cruz,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1457-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

Jorge Turrubiartes-Gonzalez pleaded guilty to a single-count indictment charging him with illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326(a) & (b).  On appeal, he argues that the district court erred in applying the 12-level "crime of violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his prior conviction of burglary of a habitation in violation of Texas Penal Code § 30.02(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40328

We review *de novo* the district court's interpretation and application of the Sentencing Guidelines, including its determination that a defendant's prior conviction qualifies as a "crime of violence" under § 2L1.2. *United States v. Diaz-Corado,* 648 F.3d 290, 292 (5th Cir. 2011). In *United States v. Conde-Castaneda,* 753 F.3d 172, 176-77 (5th Cir. 2014), we held that § 30.02(a) is a divisible statute and that a conviction under § 30.02(a)(1) qualifies as a generic burglary. We recently revisited the holding in *Conde-Castaneda* in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). *United States v. Uribe*, 838 F.3d 667, 670 (5th Cir. 2016) *cert. denied,* 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969). In *Uribe,* we decided that § 30.02(a) "is elements-based, it is divisible and the modified categorical approach applies." *Id.* at 671. The state court documents clearly show that Turrubiartes-Gonzalez was convicted under subsection (a)(1) of the Texas burglary statute. Accordingly, the district court properly applied the 12-level "crime of violence" enhancement under § 2L1.2(b)(1)(A)(ii).

AFFIRMED.