# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50712
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS RAMIREZ-CANTU,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1135-1

Before HIGGINBOTHAM, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Marcos Ramirez-Cantu appeals following his guilty plea conviction and sentence for illegal reentry after deportation. He contends that the district court committed reversible plain error by imposing an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his prior Texas convictions for burglary of a habitation. Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), as well as on Texas jurisprudence, Ramirez-Cantu argues that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50712

Texas burglary statute is broader than the enumerated offense of burglary of a dwelling and that the Texas burglary statute is not divisible for purposes of applying the modified categorical approach. Ramirez-Cantu concedes, however, that the issue he raises on appeal is foreclosed by this court's decision in *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969).

The Government agrees that Ramirez-Cantu's *Mathis*-based challenge is foreclosed by *Uribe*, and it has filed an unopposed motion for summary affirmance. Summary affirmance is proper where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In a pre-*Mathis* decision, we determined that the Texas burglary statute, TEX. PENAL CODE ANN. § 30.02 (2009), is a divisible statute that is amenable to application of the modified categorical approach. *See United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014). Ramirez-Cantu's argument, in reliance on *Mathis*, that § 30.02(a) is not divisible and, thus, cannot support application of the modified categorical approach, was squarely rejected in *Uribe*, wherein we determined that the provisions of the Texas burglary statute set forth elements, rather than means, and that *Conde-Castaneda* had not been disturbed by *Mathis*. *See Uribe*, 838 F.3d at 670-71.

In view of the foregoing, the motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.