# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40108
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE PRADO-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-546-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Prado-Mendoza pleaded guilty to a single-count indictment charging him with illegal reentry by a previously deported alien in violation of 8 U.S.C. § 1326(a) and (b). The district court applied the 16-level "crime of violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014) based on Prado-Mendoza's prior conviction for burglary of a habitation in violation of Texas Penal Code § 30.02(a). For the first time on appeal, Prado-Mendoza

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), the district court plainly erred by treating his Texas conviction for burglary of a habitation as a crime of violence for purposes of the § 2L1.2(b)(1)(A)(ii) enhancement. The Government argues that Prado-Mendoza waived this issue because counsel agreed that Prado-Mendoza's prior offense warranted the 16-level enhancement, and that, as a waived error, Prado-Mendoza's argument is entirely unreviewable. We pretermit the issue whether Prado-Mendoza has waived the argument he raises, as his argument fails under the less stringent plain error standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

To establish plain error, Prado-Mendoza must demonstrate a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

In *United States v. Conde-Castaneda*, 753 F.3d 172, 176-77 (5th Cir. 2014), we held that § 30.02(a) is a divisible statute and that a conviction under § 30.02(a)(1) qualifies as a generic burglary. We recently revisited this holding in light of *Mathis* and decided that § 30.02(a) is "elements-based" and divisible, and the modified categorical approach applies. *United States v. Uribe*, 838 F.3d 667, 670-71 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969). Prado-Mendoza's state court documents clearly show that he was convicted under subsection (a)(1) of the Texas burglary statute. Accordingly, the district court properly applied the 16-level "crime of violence" enhancement under § 2L1.2(b)(1)(A)(ii), and Prado-Mendoza fails to show error, plain or otherwise.

AFFIRMED.