## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10249
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NILSON MADRID-MARTINEZ,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-113-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Nilson Madrid-Martinez, a citizen and national of Honduras, pleaded guilty unconditionally, as discussed *infra*, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). He was apprehended by United States Immigration Customs and Enforcement Officers responding to information that an aggravated felon lived at a particular residence in Dallas. The officers received consent to enter and

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

search the residence, and detained Madrid to determine his identity, alienage, and deportability.  After waiving his Miranda rights, Madrid acknowledged: five firearms found in the residence belonged to him; and he was present in the United States unlawfully, after having been previously deported.

He was charged with three criminal counts and moved the court to suppress the evidence against him.  After his motion was denied, Madrid pleaded guilty to the firearm-possession charge, and the Government dropped the remaining charges.  The presentence investigation report (PSR) recommended a base offense level of 33 based on, *inter alia*, the conclusion that Madrid qualified as an armed career criminal, pursuant to 18 U.S.C. § 924(e) and Sentencing Guideline § 4B1.4(b)(3)(B).  Madrid objected to the PSR recommendations, but the court overruled his objections and sentenced him to 180 months' imprisonment.

Madrid first challenges the denial of his motion to suppress.  He did not, however, enter into a written conditional plea agreement, reserving his right to challenge the suppression ruling.  Moreover, the record contains no suggestion that:  Madrid intended to plead guilty conditionally; he expressed an intent to appeal the suppression ruling; or the Government and the court were not opposed to a conditional plea.  Consequently, by pleading guilty voluntarily and unconditionally, Madrid waived his right to challenge on appeal any nonjurisdictional defects in the criminal proceedings that occurred before the plea, including the denial of the suppression motion.  *See United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007); *United States v. Wise*, 179 F.3d 184, 186 (5th Cir. 1999); Fed. R. Crim. P. 11(a)(2).

Next, Madrid challenges his 180-month sentence.  The sentence was based on his prior convictions for burglary of a habitation under Texas Penal Code § 30.02, which were deemed to constitute violent felonies under the

Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). He maintains his burglary convictions are not categorically violent felonies because Texas defines burglary more broadly than the generic definition of burglary and the Texas burglary statute defines a single, indivisible offense.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Texas burglary statute, § 30.02(a), has three subsections, and our court has held an offense under § 30.02(a)(1) qualifies as generic burglary. *United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014). Moreover, § 30.02(a) is divisible and, therefore, amenable to the modified categorical approach. *Id.* In *United States v. Uribe*, 838 F.3d 667, 669–71 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (20 Mar. 2017), our court affirmed the continuing viability of *Conde-Casteneda* after the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Madrid's contentions regarding the divisibility of § 30.02(a) are, therefore, unavailing.

Additionally, Madrid contends, *inter alia*, his prior convictions for burglary of a habitation and burglary of a building could not serve as predicates for the application of the career-offender provision of Guideline § 4B1.2 because there was no finding of the use of either a deadly weapon, or

physical force against the person of another.  He also maintains:  the record contained no documents justifying the enhancement, pursuant to *Shepherd v. United States*, 544 U.S. 13 (2005); and, under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the sentencing court is prohibited from finding the facts that trigger the application of Guideline § 4B1.2 and 28 U.S.C. § 994(h).

Madrid's *Alleyne* contention is foreclosed by *United States v. Tuma*, 738 F.3d 681, 693 (5th Cir. 2013).   His contention there were no *Shepard* documents in support of the enhancement is belied by the record.  The state-conviction documents reflected that he pleaded guilty to intentionally and knowingly entering a habitation or building without the effective consent of the owner and with the intent to commit theft, a violation of § 30.02(a)(1).  The court, therefore, did not err in sentencing Madrid as an armed career criminal under the ACCA.

AFFIRMED.