# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 24, 2021

Lyle W. Cayce
Clerk

No. 20-40068

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

IGNACIO ARREOLA-MENDOZA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1751-1

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:*

IT IS ORDERED that the appellant's petition for panel rehearing is DENIED. Our prior panel opinion, *United States v. Arreola-Mendoza*, No.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

20-40068, slip op. (5th Cir. Oct. 27, 2021), is WITHDRAWN and the following opinion is SUBSTITUTED therefor.

Ignacio Arreola-Mendoza appealed his 37-month sentence for illegal reentry following removal. He asserted that the district court improperly classified his prior Texas conviction for aggravated assault as an "aggravated felony." This classification led to a potential maximum sentence of twenty years. Arreola-Mendoza argued that the district court improperly relied on this statutory maximum in sentencing him to 37 months of imprisonment.

The Government moved for summary affirmance, contending that Arreola-Mendoza's argument was foreclosed by *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), and *United States v. Gracia-Cantu*, 920 F.3d 252 (5th Cir.), *cert. denied*, 140 S. Ct. 157 (2019). We agreed, granted the Government's motion, and summarily affirmed. *United States v. Arreola-Mendoza*, 815 Fed. App'x 807, 808 (5th Cir. 2020), *cert. granted, judgment vacated*, 141 S. Ct. 2783 (2021). Arreola-Mendoza petitioned the Supreme Court for a writ of certiorari, which the Court granted. *Arreola-Mendoza v. United States*, 141 S. Ct. 2783 (2021) (mem.). The Court vacated our judgment and remanded for further consideration in the light of *Borden v. United States*, 141 S. Ct. 1817 (2021).

Because Arreola-Mendoza did not preserve his challenge by objecting to his sentence in the district court, plain-error review applies. *Puckett v. United States*, 556 U.S. 129, 135-36 (2009). This standard requires Arreola-Mendoza to show: (1) "an error or defect . . . that has not been intentionally relinquished or abandoned," (2) that is "clear or obvious," and (3) that "affected the appellant's substantial rights . . . ." *Id.* at 135 (quoting *United States v. Olano*, 507 U.S. 725, 732–36 (1993)). "[I]f the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error— discretion which ought to be exercised only if the error '"seriously affect[s]

the fairness, integrity or public reputation of judicial proceedings."'" *Id.* (quoting *Olano*, 507 U.S. at 736; *United States v. Atkinson*, 297 U.S. 157, 160 (1936)).  Because Arreola-Mendoza fails to demonstrate that the district court plainly erred in characterizing his prior Texas conviction for aggravated assault as an "aggravated felony," leading to an enhanced potential maximum sentence under 8 U.S.C. § 1326(b)(2), we affirm Arreola-Mendoza's sentence.

Arreola-Mendoza contends that because he could have been convicted for aggravated assault in Texas with only a mens rea of recklessness, *Borden* dictates a conclusion that the district court erred by classifying his aggravated assault conviction as an aggravated felony and then enhancing his sentence for illegal reentry based on that classification. Arreola-Mendoza correctly notes that the plurality in *Borden* held that a criminal offense cannot be defined "as a 'violent felony' if it requires only a *mens rea* of recklessness[.]" *Borden*, 141 S. Ct. at 1821.  And while the *Borden* Court was faced only with a challenge to the definition of a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e), it extended its holding to the definition of a "crime of violence" under 18 U.S.C. § 16(a) because the two definitional clauses are nearly identical.  *Id.* at 1824-25. Section 16(a) in turn applies to this case because under 8 U.S.C. § 1101(a)(43)(F), "aggravated felony" is defined as a "crime of violence." But even if his articulation of *Borden*'s holding is accurate, Arreola-Mendoza has failed to demonstrate record support for his argument.

Plain-error review requires, *inter alia*, that the district court's error be "clear or obvious[.]" *Puckett*, 556 U.S. at 135 (citing *Olano*, 507 U.S. at 734). The record shows that Arreola-Mendoza previously was convicted, via a guilty plea, under TEX. PENAL CODE § 22.02(a)(2), which required a finding that Arreola-Mendoza both (1) committed assault as defined in TEX. PENAL CODE § 22.01 and (2) used or exhibited "a deadly weapon during

the commission of the assault." TEX. PENAL CODE § 22.02(a)(2). Assault is defined in § 22.01 as

> (1) intentionally, knowingly, or recklessly caus[ing] bodily injury to another, including the person's spouse;

> (2) intentionally or knowingly threaten[ing] another with imminent bodily injury, including the person's spouse; or

> (3) intentionally or knowingly caus[ing] physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

*Id.* § 22.01(a). However, the record is devoid of any evidence that Arreola-Mendoza was convicted under the "reckless" standard contained in § 22.01(a)(1). In fact, the only evidence that has any bearing on the nature of his conviction is the presentence report. While that could not form the sole basis of the district court's elements analysis, *see United States v. Conde-Castandea*, 753 F.3d 172, 177 (5th Cir. 2014), as the only evidence in the record on this point it is enlightening. The presentence report's description of Arreola-Mendoza's conduct prompting his guilty plea states, in relevant part: "[T]he defendant walk[ed] to the back bedroom and [his son] heard him say, in the Spanish language, 'what if I took your life?' The defendant then came out of the bedroom holding a large pair of gardening shears and swung towards his son's torso. He missed[.]" This indicates that Arreola-Mendoza did not cause bodily injury to his son but rather "threaten[ed his son] with imminent bodily injury." *Id.* § 22.01(a)(2); *cf. Smith v. State*, 587 S.W.3d 413, 420 (Tex. App. 2019) ("Bodily injury 'encompasses even relatively minor physical contact if it constitutes more than offensive touching.'") (quoting *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009)).

No. 20-40068

If the district court erred at all in its assessment of the record, Arreola-Mendoza has pointed us to nothing that demonstrates "clear or obvious" error.[1] *Puckett*, 556 U.S. at 135 (citing *Olano*, 507 U.S. at 734). His appeal thus lacks merit.

Because he did not object to his sentence at the district court level, Arreola-Mendoza can only obtain relief if he can show the district court plainly erred. Given the record before us, he fails to make such a showing. Accordingly, the district court's judgment is

AFFIRMED.

---

[1] It is also unclear whether Arreola-Mendoza's substantial rights were affected, even assuming a "clear or obvious" error during sentencing, *see Puckett*, 556 U.S. at 135 (citing *Olano*, 507 U.S. at 734). Arreola-Mendoza asserts the district court improperly relied on a potential twenty-year statutory maximum sentence in computing his 37-month sentence, but our examination of the record fails to demonstrate anything more than passing references to that potential maximum term by the district judge. If anything, the transcript of the sentencing hearing appears to demonstrate a thorough Guidelines-based approach to sentencing Arreola-Mendoza.