# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-51223

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

FELIX URIBE, also known as Francisco Servin Luna,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY, DAVIS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Felix Uribe pled guilty to violating 8 U.S.C. § 1326 for illegally reentering the United States after being deported. Because Uribe had previously been convicted of burglary of a habitation in Texas, *see* Tex. Penal Code § 30.02(a), his presentence report included, and the district court applied, a 16-level crime of violence enhancement to Uribe's base offense level pursuant to the Sentencing Guidelines. U.S.S.G. § 2L.2(b)(1)(A)(ii). This court has previously held that Tex. Penal Code § 30.02(a)(1) defines a generic burglary of a dwelling within the scope of this enhancement. The question Uribe raises here is whether our precedent must be altered in light of *Mathis v. United States,* 136 U.S. 2243 (2016). We hold it does not and affirm the sentence.

No. 15-51223

 Although Uribe's judicial confession to burglary of a habitation does not expressly state whether he violated § 30.02(a)(1) or (a)(3), he effectively confessed to violating both provisions when he admitted he "unlawfully . . . intentionally and knowingly entered a habitation . . . with the intent to commit theft," *see id.* § 30.02(a)(1), and "did unlawfully . . . intentionally and knowingly enter a habitation . . . and then and there commit and attempt to commit theft," *see id.* § 30.02(a)(3).[1]

The district court overruled Uribe's objection to the 16-level enhancement and sentenced Uribe to a term of imprisonment of 75 months, followed by a three-year term of supervised release. The district court added that it would have imposed the same sentence due to Uribe's criminal history and the 18 U.S.C. § 3553(a) sentencing factors even if the crime of violence enhancement was incorrect. Uribe timely appealed.

## DISCUSSION

The district court's enhancement was proper under the Sentencing Guidelines, which authorize a 16-level increase in sentencing range for committing a prior "crime of violence." U.S.S.G. § 2L.2. This court has held that under the modified categorical approach, Texas Penal Code § 30.02(a) is a

---

[1] Uribe contends that ambiguity pervades the indictment, judicial confession, and judgment. We disagree. The judgment does not specify whether Uribe was convicted under § 30.02(a)(1) or (a)(3); it convicts him under § 30.02 generally. However, the indictment charged him with unlawful entry into a woman's house with intent to commit sexual assault (violation of § 30.02(a)(1)) and unlawful entry with the commission or attempted commission of sexual assault (violating § 30.02(a)(3)). That Uribe pled down to admitting theft rather than sexual assault in these two charges is material only to their classification in Texas law as first or second degree felony offenses. What is significant, however, is the connection between his judgment, the judicial confession and the indictment. The indictment charged Uribe with violating each of these noted subsections. Even though the judicial confession does not cite the statutory subsections, the language of the confession precisely tracks the language of each subsection. There is no ambiguity; Uribe cannot escape the enhancement by pointing to distinctions without a difference.

No. 15-51223

divisible statute, and that § 30.02(a)(1) matches the generic definition of "burglary of a dwelling" because it comprises the elements of "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *United States v. Murillo-Lopez,* 444 F.3d 337, 341 (5th Cir. 2006) (quoting *Taylor v. United States,* 495 U.S. 575, 598 (1990)). This subsection falls within the guidelines' relevant definition of a crime of violence. *United States v. Conde-Castaneda,* 753 F.3d 172, 175–79 (2014). The issue in this case is whether the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016) disturbs *Conde-Castaneda.* We hold that it does not.

*Mathis* applied the categorical approach to a state burglary statute that contained alternative means to satisfy one of its elements. In so doing, *Mathis* provided helpful guidance for determining whether a predicate statute of conviction is divisible. *United States v. Howell*, No. 15-10336, ---F.3d ----,----, 2016 WL 5314661, at *6 (5th Cir. Sept. 22, 2016). A statute that outlines only various means of committing the predicate offense is not divisible, whereas a statute that sets forth alternative elements of each offense is divisible. *Mathis*, 136 S. Ct. at 2256. The difficulty, however, lies in ascertaining whether the state statute contains alternative means or elements. A federal court should defer to state law in making this determination. *Id.* at 2250. A sentencing judge may consider state court rulings, the face of the statute, the statute's structure, and "if state law fails to provide clear answers," a judge may consider the record of prior conviction. *Id.* at 2256–57 & n.7.

The Texas burglary statute is elements-based. The statute provides:

(a) A person commits an offense if, without the effective consent of the owner, the person:

No. 15-51223

>   (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
>
>   (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
>
>   (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Penal Code § 30.02(a). A statutory list that provides "illustrative examples," is a clear indication that the statute "includes only a crime's means of commission." *Mathis*, 136 S. Ct. at 2256. Unlike the state statute at issue in *Mathis*, which criminalized the unlawful entry into "any building, structure, [or] land, water, or air vehicle," Iowa Code § 702.12, the Texas burglary statute does not provide an illustrative list or outline multiple ways to satisfy a single element. *Id.* at 2250.

Important to this means-elements inquiry is also whether a state's highest court has described the statute as constituting means or elements. The Texas Court of Criminal Appeals—Texas's highest court for criminal cases—classifies this statute as elements-based. *Day v. State*, 532 S.W.2d 302, 305–06 (Tex. Crim. App. 1975), *abrogated on other grounds*, *Hall v. State*, 225 S.W.2d 524, 527–31 (Tex. Crim. App. 2007) ("The *elements* of the three types of burglary are set out following . . . As can be seen, the first *three elements* of each of the three types of burglary and criminal trespass are virtually identical. The fourth main *element* of burglary . . . is absent from the offense of criminal trespass." (emphases added));[2] *see also Devaughn v. State*,

---

[2] This version of the Texas burglary statute, Tex. Penal Code § 30.02(a), was later amended to include "assault" in every subsection. This, however, does not change the court's elements-means analysis. CRIMES AND OFFENSES—CORRECTIONAL

No. 15-51223

749 S.W.2d 62, 65 (Tex. Crim. App. 1988) (stating that under § 30.02(a)(1) "[p]roof of the intent to commit either theft or felony was, and is, a *necessary element* in the State's case" (emphasis added)).   Bolstered by *Mathis*, we conclude that each provision of the statute sets forth elements, not means.

Because the predicate statute is elements-based, it is divisible and the modified categorical approach applies to determine which of the provisions of § 30.02(a) was the basis of Uribe's conviction.   *Mathis*, 136 S. Ct. at 2249. Uribe confessed to violating § 30.02(a)(1) and (a)(3), and he was convicted under § 30.02(a).   In applying the modified categorical approach, Uribe's conviction must be compared with the generic offense of burglary.   *Id.*   Uribe confessed to knowingly entering the victim's habitation with the intent to commit felony theft.   This was sufficient to constitute a violation of § 30.02(a)(1), which aligns with the generic offense of burglary, and constitutes a "burglary of a dwelling" under the Sentencing Guidelines. *Conde-Castaneda*, 753 F.3d at 176.   Uribe's crime of violence enhancement was proper.

## CONCLUSION

For the foregoing reasons, the sentence is **AFFIRMED**.

---

INSTITUTIONS—CRIMINAL PROCEDURE, 1995 Tex. Sess. Law Serv. Ch. 318 (S.B. 15) (VERNON'S).