# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-11012

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DARNELL CHRISTOPHER BRYANT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-235-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, DAVIS, and JONES, Circuit Judges.

PER CURIAM:*

Darnell Bryant pled guilty to being a felon in possession of a firearm in violation 18 U.S.C. § 922(g). His presentence report recommended a base offense level of 20 under § 2K2.1(a)(4)(A) of the Sentencing Guidelines, which applies if "the defendant committed any part of the instant offense subsequent

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to sustaining one felony conviction of . . . a crime of violence." § U.S.S.G. 2K2.1. The report based this recommendation on the fact that Bryant had previously been convicted under Texas's burglary of a habitation statute, Texas Penal Code § 30.02(a), and Bryant had admitted to violating Texas Penal Code § 30.02(a)(1) and (a)(3) in his judicial confession. The report considered the Texas burglary conviction a "crime of violence" under the Sentencing Guidelines, and thus, the report, and ultimately the district court, determined Bryant's offense base offense level to be 20. For the first time on appeal, Bryant asserts that his Texas burglary conviction was not a crime of violence under § 2K2.1(a)(4)(A). We find no error, plain or otherwise, and AFFIRM.

Bryant's failure to raise this issue in the district court limits review to plain error. *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). "Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the defendant has been substantially harmed by the error; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice." *Id.*

Bryant cannot satisfy this standard because, under *United States v. Conde-Castaneda*, 753 F.3d 172, 176–77 (5th Cir. 2014) and our just-decided companion case to Bryant's, *United States v. Uribe*, No. 15-51223, (5th Cir. 2016), there was no error. In *Uribe*, we revisited the holding in *Conde-Casteneda* in light of the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and affirmed that Texas Penal Code § 30.02(a) is elements-based and divisible. *Id.* Under the modified categorical approach, we determined that Uribe had confessed to and been convicted under § 30.02(a)(1), which matches the generic offense of burglary—a crime of violence. *United States v. Uribe*, No. 15-51223, (5th Cir. 2016). Like Uribe, Bryant confessed to violating § 30.02(a)(1) and (a)(3), and was convicted under

No. 14-11012

§ 30.02(a). Because 30.02(a)(1) is a "crime of violence" under the Sentencing Guidelines, Bryant's crime of violence enhancement was proper.

Accordingly, the sentence is **AFFIRMED**