# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10869
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

JORGE OLALDE-GONZALEZ,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:15-CR-8-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

      The Supreme Court granted Jorge Olalde-Gonzalez's petition for writ of certiorari, vacated this court's judgment, and remanded the case for further consideration in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016). *See*

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10869

*Olalde-Gonzalez v. United States*, 137 S.Ct. 296 (2016) (mem.).   While the defendant raised multiple contentions on appeal, the only issue presented in light of *Mathis* is whether the district court plainly erred by enhancing the defendant's sentence based on a prior Texas burglary conviction.   Prior to *Mathis*, the defendant conceded that his argument was foreclosed by *United States v. Conde–Castaneda*, 753 F.3d 172 (5th Cir. 2014).   *See United States v. Olalde-Gonzalez*, 642 F. App'x 426, 428 (5th Cir. 2016.).

The Fifth Circuit has since confronted the issue of whether *Mathis* "disturbs *Conde–Castaneda*," and we held "that it does not."   *United States v. Uribe*, 838 F.3d 667, 670 (5th Cir. 2016).   Following *Uribe*, we held this case in abeyance while the *Uribe* defendant sought *en banc* review.   The petition for rehearing *en banc* was denied on January 30, 2017, and this case is ripe for disposition.   *Uribe* controls.   Accordingly, the sentence is AFFIRMED.