# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 15-41593
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2017

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HERMELINDO SEGUNDO,

Defendant - Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1001-1

————

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Hermelindo Segundo was sentenced to 70 months' imprisonment, following his guilty plea to illegal reentry, in violation of 8 U.S.C. §§ 1326(a), (b). He contends the district court erred in applying the 16-level crime-of-violence enhancement under the Sentencing Guidelines in effect at the time of his sentencing, based on his prior Texas conviction for burglary of a habitation. U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015 ed.).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not Greatbe published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-41593

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In 2008, Segundo was convicted of burglary of a habitation, in violation of Texas Penal Code § 30.02(a). Because § 30.02(a) is divisible, the court, under the modified categorical approach, may consider certain state documents. *See United States v. Uribe*, 838 F.3d 667, 670–71 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (20 Mar. 2017).

These documents show Segundo was convicted under § 30.02(a)(1), which constitutes generic burglary of a dwelling under the Guidelines. *Id.*; *United States v. Conde-Castaneda*, 753 F.3d 172, 178–79 (5th Cir. 2014). Accordingly, the court did not err in applying the enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015 ed.); *Uribe*, 838 F.3d at 671.

AFFIRMED.