**UNITED STATES of America,
Plaintiff-Appellee**

v.

**Juan Carlos FRANCO-VILLAGRANA,
Defendant-Appellant**

No. 15-51225
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed May 2, 2017

Joseph H. Gay, Jr., Assistant U.S. Attorney, Mara Asya Blatt, Esq., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff-Appellee

Laura G. Greenberg, Assistant Federal Public Defender, Maureen Scott Franco, Federal Public Defender, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant-Appellant

Juan Carlos Franco-Villagrana, Pro Se

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM: *

Juan Carlos Franco-Villagrana pleaded guilty to illegal reentry and was sentenced to 46 months of imprisonment. He argues that the district court erred in applying the crime-of-violence enhancement of U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014) based

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

---

on his prior Texas conviction for burglary of a habitation.

Section 30.02(a) of the Texas Penal Code is divisible, the state court documents reflect that Franco-Villagrana violated § 30.02(a)(1), and a violation of § 30.02(a)(1) constitutes generic burglary of a dwelling. *See United States v. Uribe*, 838 F.3d 667, 670-71 (5th Cir. 2016), *cert. denied*, —— U.S. ——, 137 S.Ct. 1359, 197 L.Ed.2d 542 (2017); § 2L1.2(b)(1)(A)(ii) & comment. (n.1(B)(iii)) (2014). Accordingly, the district court did not err in applying the crime-of-violence enhancement. *See Uribe*, 838 F.3d at 671.

The judgment of the district court is AFFIRMED.

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.