**UNITED STATES of America, Plaintiff-Appellee**

v.

**Alexis Geovani AREVALO, also known as Alexis Arevalo, also known as Alexis Giovani Escobar Arevalo, Defendant-Appellant**

**No. 16-20112**
**Summary Calendar**

United States Court of Appeals, Fifth Circuit.

Filed May 2, 2017

Carmen Castillo Mitchell, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee

Alexis Geovani Arevalo, Pro Se

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM: *

Alexis Geovani Arevalo appeals his 35-month prison sentence for illegally reentering the United States after deportation following a felony conviction, in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court applied a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) because Arevalo's prior deportation occurred after a felony conviction for a crime of violence, namely, Texas burglary of a habitation.

Arevalo argues that in light of *Mathis v. United States*, —— U.S. ——, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016), the Texas burglary statute is not divisible and is overbroad. This argument is foreclosed. *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), *cert. denied*, —— U.S. ——, 137 S.Ct. 1359, 197 L.Ed.2d 542 (2017).

In addition, Arevalo argues for the first time on appeal that the state court record submitted in the district court did not show that he was convicted under the subsection of the Texas burglary statute that supports such an enhancement, Texas Penal Code § 30.02(a)(1). We review this issue for plain error. *See United States v. Herrera-Alvarez*, 753 F.3d 132, 135-36 (5th Cir. 2014). The supplemental record shows that there was no error, plain or otherwise. *See United States v. Fernandez-Cusco*, 447 F.3d 382, 386-88 (5th Cir. 2006).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.