# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20127
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EMILIO SOSA VELASQUEZ, also known as Emilliano Velasquez Sosa, also known as Emilio Sosa-Velasquez, also known as Emiliano Sosa, also known as Julio Emiliano Velasquez-Sosa, also known as Emiliano Velasquez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-443-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Emilio Sosa Velasquez appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation following an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that the district court erred in assessing him a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) due to his prior Texas conviction for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20127

burglary of a habitation, in violation of TEXAS PENAL CODE § 30.02(a)(1), which the district court characterized as a crime of violence. *See United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014) (holding that § 30.02(a) is divisible and reiterating that offenses under § 30.02(a)(1) qualify as generic burglary). Velasquez argues that this conviction does not qualify as a crime of violence under § 2L1.2(b)(1)(A)(ii) in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016).

The Government has filed an opposed motion for summary affirmance asserting that Velasquez's arguments are foreclosed by our recent decision in *United States v. Uribe,* 838 F.3d 667, 671 (5th Cir. 2016), *cert. denied,* 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969). In the alternative, the Government requests an extension of time in which to file a brief on the merits.

The Government is correct that *Uribe* forecloses Velasquez's *Mathis* argument. *See Uribe*, 838 F.3d at 669-71. Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.