# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41662
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO DIAZ-SIERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1058-1

Before STEWART, Chief Judge, and CLEMENT and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Francisco Diaz-Sierra pleaded guilty to illegal reentry after removal and was sentenced to 46 months of imprisonment. On appeal, he argues that the district court erred by applying the crime-of-violence enhancement in U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his prior Texas conviction for burglary of a habitation. We review the district court's interpretation of the Sentencing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41662

Guidelines de novo and its findings of fact for clear error. *United States v. Njoku*, 737 F.3d 55, 75 (5th Cir. 2013).

Diaz was convicted of burglary under Texas Penal Code § 30.02. Section 30.02 is a divisible statute, and we have held that a violation of § 30.02(a)(1) constitutes generic burglary of a dwelling for purposes of the crime of violence enhancement. *See United States v. Uribe*, 838 F.3d 667, 670-71 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969); § 2L1.2(b)(1)(A)(ii) & comment. (n.1(B)(iii)) (2015). Because the state court documents reflect that Diaz pleaded guilty to an offense under § 30.02(a)(1), the district court did not err in applying the crime-of-violence enhancement. *See Uribe*, 838 F.3d at 671.

AFFIRMED.