# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-40048
Summary Calendar

————

United States Court of Appeals
Fif h Circuit

**FILED**
May 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ELMER NEIVA-OREJUELA,

Defendant - Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1307-1

————

Before SMITH, BARKSDALE, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Elmer Neiva-Orejuela was sentenced to 41 months of imprisonment, following his guilty plea to illegal reentry after removal, in violation of 8 U.S.C. § 1326. He contends the district court erred by applying the 16-level crime-of-violence enhancement, based on his prior Texas conviction for burglary of a habitation. U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015 ed.)

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40048

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Neiva was convicted of burglary under Texas Penal Code § 30.02, a divisible statute. *See United States v. Uribe*, 838 F.3d 667, 670–71 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (20 Mar. 2017). Therefore, under the modified categorical approach, the court may consider certain state-court documents. *Id.*

Those documents demonstrate that Neiva pleaded guilty under § 30.02(a)(1), which, for purposes of the crime-of-violence enhancement, constitutes generic burglary of a dwelling. *Id.* Accordingly, the court did not err in applying the enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015 ed.); *Uribe*, 838 F.3d at 671.

AFFIRMED.