# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40484
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROMAN SALDIVAR-VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-1039-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Roman Saldivar-Vasquez appeals the sentence imposed following his guilty plea conviction for illegal reentry after deportation following a felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(1). He argues that the district court plainly erred in assessing him a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) due to his three prior Texas felony convictions for burglary of a habitation, in violation of TEX. PENAL CODE

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40484

§ 30.02(a)(1), which the district court characterized as crimes of violence. *See United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014) (holding that § 30.02(a) is divisible and reiterating that offenses under § 30.02(a)(1) qualify as generic burglary). Saldivar-Velasquez argues that his convictions do not qualify as crimes of violence under § 2L1.2(b)(1)(A)(ii) in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Because Saldivar-Vasquez did not object to the 16-level enhancement, our review is for plain error. *United States v. Chavez–Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). To establish plain error, Saldivar-Vasquez must demonstrate a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If Saldivar-Vasquez makes such a showing, this court has the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

This court recently revisited the holding in *Conde-Castaneda* in light of *Mathis*. *See United States v. Uribe*, 838 F.3d 667, 670 (5th Cir. 2016), *cert. denied,* 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969). In *Uribe*, the court decided that § 30.02(a) "is elements-based, it is divisible and the modified categorical approach applies." *Uribe*, 838 F.3d at 671. Thus, *Conde-Castaneda* remains binding precedent, and the district court did not err in treating Saldivar-Vasquez's Texas burglary convictions under § 30.02(a)(1) as crimes of violence.

AFFIRMED.

2