# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41620
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 22, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BENITO GOMEZ-JIMENEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-256-1

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Benito Gomez-Jimenez appeals the 60-month sentence imposed following his guilty plea and conviction for being found in the United States without permission, following removal. He contends that the district court erred by enhancing his sentence under United States Sentencing Guideline § L1.2(b)(1)(A)(ii) (2015) based on a determination that his conviction for burglary of a habitation under Texas Penal Code § 30.02 was equivalent to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a conviction for the generic offense of "burglary of a dwelling," which was enumerated in the application notes accompanying § 2L1.2 as a "crime of violence." Gomez-Jimenez argues that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), § 30.02 defines a single indivisible offense too broad to meet the generic definition of burglary of a dwelling, and that the district court erred when it narrowed his offense of conviction using the modified categorical approach.

In *United States v. Conde-Castaneda*, 753 F.3d 172, 175-76 (5th Cir. 2014), this court held that § 30.02 is a divisible statute and that courts may apply the modified categorical approach to determine which of the three subsections in § 30.02(a) formed the basis of a defendant's conviction. This court reaffirmed that decision in *United States v. Uribe*, 838 F.3d 667, 669-71 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1359 (2017), specifically determining that *Mathis* did not alter its prior holding. Although Gomez-Jimenez contends that *Uribe* was wrongly decided, he concedes that his argument is foreclosed by that decision.

Accordingly, Gomez-Jimenez's motion for summary disposition is GRANTED and the judgment of the district court is AFFIRMED.