# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40516
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS GALVAN-FUENTES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-886-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Tomas Galvan-Fuentes appeals following his guilty plea conviction and sentence for illegal reentry after deportation. He contends that the district court committed reversible plain error by imposing an enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2014) based on his prior Texas conviction for burglary of a habitation. Relying on *Mathis v. United States*, 136 S. Ct. 2243 (2016), Galvan-Fuentes argues that the Texas burglary statute is broader than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the enumerated offense of burglary of a dwelling and that the Texas burglary statute is not divisible for purposes of applying the modified categorical approach. Galvan-Fuentes concedes, however, that the issue he raises on appeal is foreclosed by this court's decision in *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969).

The Government agrees that Galvan-Fuentes's *Mathis*-based challenge is foreclosed by *Uribe*, and it has filed an opposed motion for summary affirmance. Summary affirmance is proper where, among other things, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

In a pre-*Mathis* decision, we determined that the Texas burglary statute, TEX. PENAL CODE ANN. § 30.02(a) (2009), is a divisible statute that is amenable to application of the modified categorical approach. *See United States v. Conde-Castaneda*, 753 F.3d 172, 176 (5th Cir. 2014). Galvan-Fuentes's argument, in reliance on *Mathis*, that § 30.02(a) is not divisible and, thus, cannot support application of the modified categorical approach, was squarely rejected in *Uribe*, wherein we determined that the provisions of the Texas burglary statute set forth elements, rather than means, and that *Conde-Castaneda* had not been disturbed by *Mathis*. *See Uribe*, 838 F.3d at 670-71.

In view of the foregoing, the Government's motion for summary affirmance is GRANTED, and the district court's judgment is AFFIRMED. The Government's alternative motion for an extension of time to file a brief is DENIED.