# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2017

Lyle W. Cayce
Clerk

No. 16-40663
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE BACIO-GONZALES, also known as Jorge Bacio-Gonzalez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-894-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

Jorge Bacio-Gonzales appeals the sentence imposed following his guilty plea conviction for reentry of a deported alien. He contends that the district court erred in increasing his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his prior Texas felony convictions for burglary of a habitation under Texas Penal Code § 30.02(a). Bacio-Gonzales argues, under *Mathis v. United States*, 136 S. Ct. 2243 (2016), that the Texas

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40663

burglary statute is not divisible and that not every violation of § 30.02(a) qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii) (2015).

The Government has filed an opposed motion for summary affirmance asserting that Bacio-Gonzales's arguments are foreclosed by our recent decision in *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), *cert. denied*, 2017 WL 661924 (Mar. 20, 2017) (No. 16-7969). In the alternative, the Government requests an extension of time in which to file a brief on the merits.

The Government is correct that *Uribe* forecloses Bacio-Gonzales's *Mathis* argument. *See Uribe*, 838 F.3d at 669-71. Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.