# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO ORTIZ-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-498-1

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rogelio Ortiz-Martinez appeals the 77-month sentence imposed following his guilty plea conviction for being present in the United States following removal. He contends that the district court erred by enhancing his sentence under § 2L1.2(b)(1)(A)(ii) of the 2015 version of the Sentencing Guidelines. The enhancement was based on a determination that his conviction for burglary of a habitation under Texas Penal Code § 30.02 was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

equivalent to a conviction for the generic offense of "burglary of a dwelling." Ortiz-Martinez argues that, in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), § 30.02 defines a single indivisible offense too broad to meet that generic definition, and that the district court erred when it narrowed his offense of conviction using the modified categorical approach.

In *United States v. Conde-Castaneda*, 753 F.3d 172, 175-76 (5th Cir. 2014), this court held that § 30.02 is a divisible statute and that courts may apply the modified categorical approach to determine which of the three subsections in § 30.02(a) formed the basis of a defendant's conviction. This court reaffirmed that decision in *United States v. Uribe*, 838 F.3d 667, 669-71 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1359 (2017), specifically determining that *Mathis* did not alter its prior holding. Although Ortiz-Martinez contends that *Uribe* was wrongly decided, he concedes that his argument is foreclosed by that decision.

Accordingly, Ortiz-Martinez's motion for summary disposition is GRANTED. The judgment of the district court is AFFIRMED.