# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-40663
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

JORGE BACIO-GONZALES, also known as Jorge Bacio-Gonzalez,

     Defendant - Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:15-CR-894-1

———————

## ON PETITION FOR PANEL REHEARING

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:*

     The petition for panel rehearing is GRANTED. We WITHDRAW our prior opinion, *United States v. Bacio-Gonzales*, 690 F. App'x 193 (5th Cir. 2017), VACATE our prior judgment affirming the sentence imposed by the district court, and substitute the following opinion.

———————

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40663

Jorge Bacio-Gonzales pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326. The presentence report applied a 16-level "crime of violence" enhancement pursuant to § 2L1.2(b)(1)(A)(ii) of the 2015 Sentencing Guidelines based on Bacio-Gonzales' prior conviction for burglary of a habitation under Texas Penal Code § 30.02(a). The district court overruled Bacio-Gonzales' objections and sentenced him to 36 months in prison and a three-year term of supervised release. On appeal, Bacio-Gonzales challenged only the length of his prison sentence, arguing that the Texas burglary statute is not divisible and that not every violation of § 30.02(a) constitutes a "crime of violence" under the Guidelines. In our prior opinion, we concluded that our decision in *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), foreclosed this argument and affirmed. *United States v. Bacio-Gonzales*, 690 F. App'x 193 (5th Cir. 2017).

Bacio-Gonzales then filed a petition for panel rehearing, which he asked us to hold in abeyance pending resolution of the petition for *en banc* rehearing in *United States v. Herrold*. Days ago, we issued a decision in *Herrold*, holding that the Texas burglary statute is indivisible and categorically overbroad in relation to the federal generic definition of burglary. *United States v. Herrold*, No. 14-11317, 2018 WL 948373, at *1 (5th Cir. Feb. 20, 2018) (en banc); *see also id.* at *8 (recognizing that this holding overrules *Uribe*).

Bacio-Gonzales' attorney, the Federal Public Defender, has filed a letter advising that this case is now moot, despite the outcome in *Herrold*, because Bacio-Gonzales: (1) has completed his term of imprisonment and been released from the custody of the Bureau of Prisons; (2) is now in the custody of U.S. Immigration and Customs Enforcement awaiting deportation; and (3) has not challenged on appeal any aspect of his term of supervised release or sought any other form of relief that this court can now grant. We agree. *Cf. United States v. Heredia-Holguin*, 823 F.3d 337, 342–43 & n.3 (5th Cir. 2016) (en banc)

2

No. 16-40663

(holding that an appeal is *not* moot where a defendant has completed his prison sentence, been deported, and seeks some form of relief related to an unexpired term of supervised release rather than merely challenging the "term of imprisonment" itself).

Accordingly, this appeal is DISMISSED as MOOT.