# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10232
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY VERDEAN DANIELS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-185-1

ON PETITION FOR REHEARING

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

The Court grants the petition for panel rehearing, withdraws its previous opinion in this matter, *United States* v. *Daniels*, 689 F. App'x 376 (5th Cir. 2017), and substitutes the following opinion.

Anthony Verdean Daniels appeals his 224-month sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), for possession of a firearm by

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10232

a felon and possession of cocaine with intent to distribute.  His appeal rests on the assertion that Texas Penal Code § 30.02 is not divisible under *Mathis v. United States*, 136 S. Ct. 2243 (2016).  After his brief was filed, we held that § 30.02 is divisible under *Mathis.  United States v. Uribe*, 838 F.3d 667, 669-71 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1359 (2017).

Relying on *Uribe,* our original opinion on this appeal affirmed the district court's judgment.  Subsequently, on February 20, 2018, this Court, sitting en banc, expressly overruled the holding in *Uribe.  United States v. Herrold,* __ F.3d __, No. 14-11317, 2018 WL 948373 (5th Cir. Feb. 20, 2018).  More specifically, we held that the Texas burglary statute was indivisible and that it was broader than generic burglary.  *Id.* at *18.  Thus, the prior conviction under the Texas burglary statute did not qualify as a violent felony.  *Id.* Because Daniels's prior conviction was under the same Texas burglary statute, we VACATE his sentence and REMAND for resentencing consistent with the holding in *Herrold.*