# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40086

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSCAR REYNA-LOZANO,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-1272-1

## ON PETITION FOR REHEARING

Before KING, DENNIS, and COSTA,  Circuit Judges.

PER CURIAM:*

The petition for panel rehearing is GRANTED.  The prior opinion, *United States v. Reyna-Lozano*, 689 F. App'x 380 (5th Cir. 2017), is withdrawn, and the following opinion is substituted.

In a panel decision filed May 19, 2017, we affirmed application of a

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing enhancement that treated Texas burglary of a habitation as a "crime of violence." That decision relied on *United States v. Uribe*, 838 F.3d 667 (5th Cir. 2016), which held that the Texas burglary statute is divisible and thus subject to the modified categorical approach. Reyna-Lozano filed a timely motion for rehearing asking that the panel hold the petition pending the outcome of the then-pending petition for rehearing en banc in *United States v. Herrold*, No. 14-11317. The en banc court granted rehearing in *Herrold* and overruled *Uribe*. 883 F.3d 517 (5th Cir. 2018) (en banc). That means Reyna-Lozano's Texas burglary of a habitation should not have resulted in application of the 16-point "crime of violence" enhancement.

Reyna-Lozano did not raise this objection in the trial court, so he must meet the burden of plain-error review. *Herrold* establishes the sentencing error. It is a plain or obvious error because *Herrold* was decided while this case was still pending appellate consideration. *Henderson v. United States*, 568 U.S. 266, 279 (2013). The error affected Reyna-Lozano's substantial rights because the "crime of violence" enhancement had a significant impact on the Guidelines range. *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). That leaves the final question whether the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. 725, 736 (1993). Prior to the Supreme Court's recent decision in *Rosales-Mireles*, unpublished decisions from this court had reached different answers on whether *Herrold* error satisfied this fourth prong of plain error review; it depended on the particular circumstances of each defendant. *Compare United States v. Hernandez-Saenz*, No. 16-10084, 2018 WL 2017920 (5th Cir. Apr. 27, 2018) (vacating sentence), *with United States v. Fuentes-Canales*, No. 15-41476, 2018 WL 2331765 (5th Cir. May. 22, 2018) (not vacating sentencing), *petition for panel rehearing filed* (June 5, 2018). In *Rosales-Mireles*, the

Supreme Court held that an error affecting the Guidelines range "ordinarily will satisfy *Olano*'s fourth prong." 138 S. Ct. 1897, 1908 (2018). The error in this case had a much greater impact on the sentence than the erroneous double counting of one criminal history point in *Rosales-Mireles*. *Id.* at 1905. And no "countervailing factors" have been identified that might overcome application of the ordinary rule. We thus conclude that Reyna-Lozano has met his burden of establishing all four requirements of plain error review. We also grant Reyna's motion to issue the mandate forthwith.

The sentence is VACATED and this case REMANDED for resentencing.